**In re GRAND JURY MATTER (John DOE), Appellant.**

**In re GRAND JURY MATTER (Richard ROE), Appellant.**

Nos. 86–1449, 86–1489.

United States Court of Appeals,
Third Circuit.

Argued Aug. 5, 1986.

Decided Aug. 8, 1986.

Steven B. Mirow, Philadelphia, Pa., for appellant in 86–1449.

Joel Harvey Slomsky, Philadelphia, Pa., for appellant in 86–1489.

Edward S.G. Dennis, Jr., U.S. Atty., Walter S. Batty, Jr., Asst. U.S. Atty., Chief of Appeals, and Richard L. Scheff, Asst. U.S. Atty., Philadelphia, Pa., for appellee.

Before SEITZ, ADAMS and STAPLETON, Circuit Judges.

## OPINION OF THE COURT

ADAMS, Circuit Judge.

Appellants appeal from final orders holding them in civil contempt pursuant to 28 U.S.C. § 1826 (1982). We will affirm the orders.

The appellants were subpoenaed separately before a grand jury in the District Court for the Eastern District of Pennsylvania. Despite statutory grants of immunity, each declined to answer substantive questions. The government filed motions to compel testimony before Judge Broderick, who was presiding over the grand jury. As a defense, the appellants contended that the questions were based upon electronic surveillance obtained in violation of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510–2520 (1982), and sought a hearing as provided for by *In re Harkins*, 624 F.2d 1160 (3d Cir.1980). Without objection from either witness, Judge Broderick referred the cases for a hearing before Judge Giles, who had initially approved the electronic surveillance at issue here. *See* Local Rule 16 of the Eastern District of Pennsylvania.

Judge Giles heard argument on July 7, and held that the surveillance was supported by a facially valid application and affidavit, and that the government remained in compliance with the court order. Thereafter, arguments were held before Judge Broderick. At the conclusion of each argument, Judge Broderick held the witness in contempt, in orders dated July 10 and July 29. Each appellant appealed, and this Court consolidated the cases and considered the appeals on an expedited basis.

A witness has "just cause" not to answer questions before a grand jury if the questions are derived from surveillance conducted in violation of Title III. *See, e.g., Gelbard v. United States*, 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179 (1972). In *Harkins*, this Court held that a witness is entitled to a limited hearing to attempt to establish the illegality of electronic surveillance which provides the basis for questions asked before a grand jury. The witness is not, however, entitled to a "full blown suppression hearing;" he may contest only the facial sufficiency of the court order authorizing the surveillance, the affidavit and application submitted by the government in support of the order, and the government affidavit indicating the length of time the surveillance was conducted. *Id.* at 1167 n. 10. *Harkins* also allows a witness to inspect these materials "[i]f the government does not object upon grounds of harm due to breach of secrecy, …" *Id.* Where the government does object, the trial court in its discretion must determine whether the secret information may be deleted; where the court determines that the sensitive material may not be deleted, it must review the information *in camera. Id.*

Appellants contend that the hearing before Judge Giles failed to comply with the guidelines set forth in *Harkins*. We do not agree. Judge Giles specifically held, based upon his review of the facial sufficiency of the materials, that the electronic surveillance here complied with the statutory requirements, and that continued total secrecy was warranted. *Harkins* contemplates that a district judge will be vested with wide discretion to resolve a claim of continuing need for secrecy by the government. Although he did not enumerate as to each witness why secrecy was needed, Judge Giles stated in his ruling from the bench that he believed that disclosure could

lead to untruthful testimony before the grand jury. It was clear from this denial of disclosure to any of the witnesses that Judge Giles viewed this reason as applicable to all of them. *Harkins* does not require more elaborate findings.

One of the appellants also contends that Judge Giles erred in failing to determine that the surveillance did not continue after the objective for which it was authorized had been met, as is required under the statute. *See United States v. Cafero,* 473 F.2d 489 (3d Cir.1973). However, Judge Giles stated that he was "satisfied that this is a lawful wire surveillance, that was lawfully authorized and lawfully *continued* (emphasis supplied)...." He therefore did find that the surveillance was not improperly prolonged.

In light of Judge Giles' finding, we do not believe that the district court abused its discretion in conducting the inspection of the materials *in camera.* We have also reviewed the materials supporting the wiretap, and do not believe that the court committed legal error in concluding that they were facially sufficient.

Accordingly, the judgment of the district court will be affirmed. The Mandate shall issue forthwith.